## SAN ANTONIO PUBLIC SERVICE CO. v. HENRY.

### No. 9964.

Court of Civil Appeals of Texas. San Antonio.

Feb. 24, 1937.

Rehearing Denied March 17, 1937.

Templeton, Brooks, Napier & Brown and Clinton G. Brown, Jr., all of San Antonio, for appellant.

Carter & Lewis, H.·C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by appellee, Willie Mae Henry, against the San Antonio Public Service Company, seeking to recover damages sustained by her as a result of a collision between a street car operated by appellant, San Antonio Public Service Company, and an automobile driven by Mrs. Henry.

This collision occurred at or near the intersection of West Commerce and San Marcos streets in the city of San Antonio. The street car and the automobile driven by Mrs. Henry were both proceeding in a westerly direction on West Commerce street. The street car stopped at the intersection of West Commerce and San Marcos streets, for the purpose of discharging passengers. When the street car again started moving, Mrs. Henry passed the street car in her automobile and turned her car onto the street car track, and the collision followed, in which Mrs. Henry sustained certain injuries.

The case was tried to a jury, and the jury, in answer to special issues propounded to it by the court, found, among other things, that the motorman operating appellant's street car was guilty of

negligence in failing to ring the bell just prior to the collision and that such negligence was a proximate cause of the collision and the injuries sustained by appellee; that the motorman operating appellant's street car failed to keep a reasonably careful lookout, and that such failure was negligence and the proximate cause of the collision and injuries; that the appellee, Mrs. Henry, did not suddenly cut her automobile over in front of defendant's street car; that the collision was not an unavoidable accident; and awarded Mrs. Henry damages in the sum of $3,000. Judgment was accordingly entered in favor of Mrs. Henry, and this appeal is prosecuted by the San Antonio Public Service Company from said judgment.

Appellant offered a number of eyewitnesses who testified, in effect, that Mrs. Henry did not clear the street car when she turned onto the street car track, but struck the left side of her automobile against the right front corner of the street car. Mrs. Henry and her mother and a friend, who were in the automobile at the time of the collision, testified that Mrs. Henry did clear the street car when she turned onto the track, and that the street car struck the automobile from the rear; one of the witnesses stating that the automobile was thirty feet in front of the street car when appellee pulled over to the left onto the street car track. The evidence is undisputed that the street car and the automobile came together three times; that when the street car and the automobile first came together the automobile was thrown across the street car track; that it was again struck while in this position and knocked further to the left, then struck a third time; and that the automobile came to rest on the south side of the street car and headed in an easterly direction, which was the opposite direction from which it was traveling at the first contact.

■ Appellant presents four propositions of law, contending that the findings of the jury were contrary to the great weight and preponderance of the evidence, and that appellant's motion for an instructed verdict should have been given and no issues presented to the jury. All of these propositions are based upon the theory that it was physically impossible for the testimony given by Mrs. Henry and the two persons riding with her in the automobile to have been true, in that,

if the automobile had been on the street car track and struck from the rear, it could not have been thrown to the left of the street car, but would either have been knocked further down the street or knocked to the right, or north, side of the street. No witness testified that it was physically impossible for the testimony given by appellee and her witnesses to have been true. Appellant, in effect, asks this court to take judicial knowledge of the law of physics to the effect that it would be impossible for an automobile struck from the rear, under the circumstances in this case, to have swerved to the left and come to a standstill on the left side of the street car headed east. It occurs to us that it is logical that, if the automobile had been struck under the facts related by Mrs. Henry, it would have more probably swerved to the right than to the left, but it would not be proper for this court to hold, in the absence of proof to that effect, that it was a physical impossibility for the automobile to have swerved to the left. It is common knowledge that an automobile is guided by the direction in which its front wheels are turned when force is applied from the rear. It is also common knowledge that, if one wheel becomes locked, this may cause an automobile to swerve to the side on which the wheel has become locked. There are so many things which may or may not happen in a collision between a street car and an automobile that it would be impossible for this court to know just where, under a given state of facts, an automobile struck by a street car would come to rest, and this court does not concur in the argument advanced by appellant that, because the automobile came to rest on the south side of the street car and headed in the opposite direction from which it was going, the testimony of appellee and her witnesses should be discredited and held to be untrue.

■ Appellant does not contend that the fact that many witnesses contradicted the testimony given by appellee's witnesses is any reason for setting aside the findings of the jury in appellee's favor. And, of course, this rule is so well settled that it is not an open question. 3 Tex.Jur. p. 1096, § 768. Appellant does not contend that the findings of the jury are not supported by the testimony of appellee and her witnesses, nor that this evidence is insufficient, if believed by the jury and properly

found by them to be true, to support the judgment in this case.

We are cited by appellant to the case of San Antonio Public Service Company v. Fraser (Tex.Civ.App.) 70 S.W.(2d) 232. In that case liability was based upon the testimony that the street car conductor negligently raised the step of the street car by means of a lever while the injured party was standing on the step. Undisputed evidence was introduced showing that it was physically impossible to raise the step by means of the lever used while the man was standing on the step, rendering the testimony of the plaintiff in that case physically impossible.

In the present case, no one has testified that it was physically impossible for the collision to have occurred in the manner related by appellee. There is no evidence in the record to this effect, but appellant has called upon this court, from its judicial knowledge of the law of physics, to hold that because the automobile came to rest in the position in which it did come to rest, that therefore the testimony of Mrs. Henry and her two companions could not possibly be true. This we cannot do.

Accordingly, appellant's propositions will be overruled and the judgment affirmed.