## MEEKER v. TEER.
### No. 10648.

Court of Civil Appeals of Texas.
Galveston.

Nov. 17, 1938.

Rehearing Denied Dec. 8, 1938.

Lockhart, Hughes & Lockhart, of Galveston, for appellant.

Ressel & Ressel, of Galveston, for appellee.

CODY, Justice.

This is an automobile collision case. The collision was on July 11, 1936, in Galveston, between a Chevrolet Station Wagon belonging to the United States Government, which was being driven by appellee, a soldier, and a truck belonging to appellant, being driven by one Clyde Smith.

In response to special issues the jury found: That appellant's automobile was being driven faster than 20 miles an hour, and that this was a proximate cause of the accident. That appellant's automobile was being operated at a high, dangerous and unreasonable rate of speed under all the existing circumstances, and that this speed constituted negligence which proximately caused the collision. That appellant's driver failed to keep a proper lookout, and this was negligence, and a proximate cause of the collision. That appellant's driver failed to keep his truck under proper control, and this constituted negligence, and was a proximate cause of the collision. That appellant's driver did not discover the automobile driven by appellee crossing Avenue "S" (i. e., going at right angles

to the way appellant's driver was going) in sufficient time to turn his car and thus avoid the collision. That appellee was not driving in excess of 20 miles an hour. That appellee was not driving at a high and reckless rate of speed. That appellee kept a proper lookout. And appellee's damages were assessed at $8,000.

Appellant's able counsel frankly confess that the findings of the jury are based on the testimony of three witnesses. Of these witnesses appellant says, and correctly so, that they were interested. The fact that they were interested was a matter to be taken into consideration by the jury when their testimony was being weighed; its interested character does not make such testimony inadmissible, and appellant does not so contend. Appellant does contend that the uncontroverted physical facts show the testimony of the three interested witnesses—appellee, and his two companions, who also had damage suits pending against appellant—was false. If the uncontroverted physical facts were such as to show us that the verdict of the jury was false, such verdict would have to be set aside, irrespective of whether the testimony on which it was based was interested or not. But we are unconvinced that the uncontroverted physical facts show the findings of the jury to be false. The testimony is as conflicting as is usual in an automobile collision case. It is established without conflict, we believe, that appellant's car, immediately after the collision, was found to be facing in a different direction from which it had been going, and found to be facing in the same direction which the car driven by appellee had been going immediately prior to the collision. It requires no violent assumption to infer that the car was turned about by the force of the impact between it and the car that was being driven by appellee, but we are unable to infer from the car's position that appellee's evidence that it was being driven at the rate of 40 miles per hour, and the car driven by appellee was going at the rate of 10 miles per hour, was false. Perhaps a physicist, if he knew with certainty the angles at which two automobiles were being projected at the moment they collided, and knew their respective weights, the resistance power of the material of which they were constructed, respectively, and their positions and distances from the point of collision, could determine accurately the rate at which each automobile was going

when they collided. So, even if the physical facts were uncontroverted (which is not the case here), it would require expert knowledge, which we lack, to enable us to determine whether such physical facts— as the position of the automobiles after the collision—proved that the evidence upon which the jury findings were based were false or not. As was stated in San Antonio Public Service Co. v. Henry, Tex. Civ.App.San Antonio, 102 S.W.2d 479, 480:

"Appellant does not contend that the fact that many witnesses contradicted the testimony given by appellee's witnesses is any reason for setting aside the findings of the jury in appellee's favor. And, of course, this rule is so well settled that it is not an open question. 3 Tex.Jur., p. 1096, § 768. Appellant does not contend that the findings of the jury are not supported by the testimony of appellee and her witnesses, nor that this evidence is insufficient, if believed by the jury and properly found by them to be true, to support the judgment in this case.

"We are cited by appellant to the case of San Antonio Public Service Company v. Fraser (Tex.Civ.App.), 70 S.W.2d 232. In that case liability was based upon the testimony that the street car conductor negligently raised the step of the street car by means of a lever while the injured party was standing on the step. Undisputed evidence was introduced showing that it was physically impossible to raise the step by means of the lever used while the man was standing on the step, rendering the testimony of the plaintiff in that case physically impossible.

"In the present case, no one has testified that it was physically impossible for the collision to have occurred in the manner related by appellee. There is no evidence in the record to this effect, but appellant has called upon this court, from its judicial knowledge of the law of physics, to hold that because the automobile came to rest in the position in which it did come to rest, that therefore the testimony of Mrs. Henry and her two companions could not possibly be true. This we cannot do.

" * * * There are so many things which may or may not happen in a collision between a street car and an automobile that it would be impossible for this court to know just where, under a given state of facts, an automobile struck by a street car would come to rest, and this court does not concur in the argument advanced by

appellant that, because the automobile came to rest on the south side of the street car and headed in the opposite direction from which it was going, the testimony of appellee and her witnesses should be discredited and held to be untrue."

■ Courts know judicially such simple physical facts as that shadows are shorter at noon than are the objects which cast them, and would find no difficulty in setting aside a verdict that conflicted with such physical fact. But we have no judicial knowledge that will enable us to review the evidence as to the positions of automobiles after a collision and consider the appearances of automobiles as shown by their pictures, and determine therefrom —as the basis of uncontroverted physical facts—the credibility of the evidence, and find it insufficient to support the verdict.

■ The trial court in our opinion correctly rendered judgment for appellee against appellant upon the jury's findings, and the judgment ought to be affirmed, and it is so ordered.

Judgment affirmed.

Judge MONTEITH participating as Special Commissioner.